1  CRAIG M. PETERS, NO. 184018
   **ALTAIR LAW LLP**
2  465 California Street, 5th Floor
   San Francisco, CA 94104
3  Phone: (415)988-9828
   Email: cpeters@altairlaw.com
4  (*Co-Counsel/Local Counsel*)

5  THERON HARDEE BASS, III (Admitted *Pro Hac Vice*)
   JOHN SCAROLA (Admitted *Pro Hac Vice*)
6  **SEARCY DENNEY SCAROLA BARNHART & SHIPLEY P.A.**
   2139 Palm Beach Lakes Blvd.
7  West Palm Beach, FL 33409
   Phone: (561) 686-6300
8  Email: thb@searcylaw.com; thbteam@searcylaw.com
   Email: jsx@searcylaw.com; mmccann@searcylaw.com; _scarolateam@searcylaw.com
9  (Admitted *Pro Hac Vice*)

10 ATTORNEYS FOR PLAINTIFF
   JOHN DOE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO-OAKLAND DIVISION

| | |
|---|---|
| JOHN DOE, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> X CORP., (f/k/a Twitter, Inc., d/b/a X), and X.AI CORP., (d/b/a xAI) <br><br> Defendants. | CASE NO. 3:25-cv-07597 <br><br> **MOTION FOR (1) TEMPORARY RESTRAINING ORDER, WITHOUT NOTICE, (2) PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE SETTING HEARING, AND (3) ORDER PERMITTING PLAINTIFF TO PROCEED UNDER PSEUDONYM** <br><br> **Hearing Date/Time:** N/A (*ex-parte* motion pursuant to Civil L.R. 7-10 and Rule 65(b)(1), *Fed.R.Civ.P.*) |

1

## NOTICE OF HEARING DATE/TIME

This is an *ex-parte* motion pursuant to Civil L.R. 7-10 and Rule 65(b)(1), *Fed.R.Civ.P.*, and so there is no hearing date or time to be referenced.

## CONCISE STATEMENT OF SPECIFIC RELIEF SOUGHT

Pursuant to Rule 65(b)(1), *Fed.R.Civ.P.*, Civil L.R. 65-1, and 15 U.S.C. § 6851, Plaintiff John Doe, individually and on behalf of all others similarly situated, seeks the following relief:

1. A temporary restraining order, or order to show cause why a preliminary injunction should not issue, pursuant to 15 U.S.C. § 6851(b)(3)(A)(ii) which enjoins the Defendants to cease display or disclosure of Plaintiff's and Class Member's non-consensual intimate visual depictions.

2. An order, pursuant to 15 U.S.C. § 6851(b)(3)(B), permitting Plaintiff to proceed under a pseudonym in this action.

In support of this motion, Plaintiff incorporates by reference his Verified Class Action Complaint (attached as **Exhibit 1**) and the points and authorities in Plaintiff's Memorandum in Support of this motion (filed contemporaneously herewith). In addition, and consistent with Civil L.R. 7-2(2)(b)(3), Plaintiff sets out the Court action that sought regarding a Temporary Restraining Order enjoining Defendants to cease display and disclosure of Plaintiff's and Class Member's non-consensual intimate visual depictions:

## STATEMENT OF COURT ACTION SOUGHT REGARDING X

In order to accomplish the relief sought pursuant to this motion for temporary restraining order, Plaintiff seeks the following Court action/order regarding Defendant X:

> 1. X shall, within 12 (twelve) hours of receiving the Court's order (or whatever amount of time the Court deems appropriate), cease disclosure and display of all visual depictions, including images, GIFs, and videos (or any similar depiction as the preceding) currently on X. However, if X is immediately capable[1] of

---

[1] Herein, "immediately capable" is defined as within 12 (twelve) hours (or whatever amount of time the Court deems appropriate) of receiving the Court's order.

2

John Doe, Individually & on behalf of all others similarly situated vs. X CORP. and X.AI CORP.
Case No. 3:25-CV-07597
MOTION FOR (1) TEMPORARY RESTRAINING ORDER WITHOUT NOTICE, (2) PRELIMINARY INJUNCTION & ORDER TO SHOW CAUSE SETTING HEARING, AND (3) ORDER PERMITTING PLAINTIFF TO PROCEED UNDER PSEUDONYM

discerning between intimate visual depictions[2] and non-intimate visual depictions with the highest possible accuracy rate reasonably obtainable in the industry, then X shall cease disclosing all intimate visual depictions within 12 hours of receiving the Court's order (or whatever amount of time the Court deems appropriate).

2. If X is not immediately capable of discerning between intimate visual depictions and non-intimate visual depictions with the highest possible accuracy rate reasonably obtainable in the industry, then X shall, within 12 (twelve) hours of receiving the Court's order (or whatever amount of time the Court deems appropriate), cease disclosure and/or display of all visual depictions, including images, GIFs, and videos (or any similar depiction as the preceding) currently on X and shall display and/or disclose in their place the Legal Notice attached hereto as **Exhibit 5** until making a satisfactory showing to the Court that:

   a. X has implemented a system to sort, identify and distinguish intimate visual depictions as defined in 15 U.S.C. § 6851(a)(5) versus those that are not; and

   b. For intimate visual depictions as defined in 15 U.S.C. § 6851(a)(5), X has verified the age of every depicted individual as defined in 15 U.S.C. § 6851(a)(3) and retains proof of same; and

   c. For each adult depicted in an intimate visual depiction, X has obtained that individual's consent to disclose or display that individual's intimate visual depiction that has been disclosed on X since October 1, 2022, and retains proof of same.

3. If X is immediately capable of discerning between intimate visual depictions and non-intimate visual depictions with the highest possible accuracy rate reasonably obtainable in the industry, then X shall cease displaying and/or disclosing all intimate visual depictions (including images, videos, GIFs, or any other visual representation) within 12 (twelve) hours of this Court's order (or whatever amount of time the Court deems appropriate) currently on X, and shall display and/or disclose in their place the Legal Notice attached hereto as **Exhibit 6**, and X shall not display and/or disclose any intimate visual depiction until it

---

[2] "Intimate visual depiction" is defined in the NCII Statute, and is a visual depiction that depicts the uncovered genitals, pubic area, anus, or post-pubescent female nipple of an identifiable individual; or the display or transfer of bodily sexual fluids on to any part of the body of an identifiable individual, from the body of an identifiable individual, or an identifiable individual engaging in "sexually explicit conduct." 15 U.S.C. § 6851(a)(5). "Sexually explicit conduct" is defined in the NCII Statute, has the meaning given in 18 U.S.C. § 2256(2)(A) & (B), and means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the anus, genitals, or pubic area of any person.

3

John Doe, Individually & on behalf of all others similarly situated vs. X CORP. and X.AI CORP.
Case No. 3:25-CV-07597
MOTION FOR (1) TEMPORARY RESTRAINING ORDER WITHOUT NOTICE, (2) PRELIMINARY INJUNCTION & ORDER TO SHOW CAUSE SETTING HEARING, AND (3) ORDER PERMITTING PLAINTIFF TO PROCEED UNDER PSEUDONYM

satisfied the Court that:

    a. X has implemented a system to sort, identify and distinguish intimate visual depictions as defined in 15 U.S.C. § 6851(a)(5) versus those that are not; and

    b. For each intimate visual depiction as defined in 15 U.S.C. § 6851(a)(5), X has verified the age of every depicted individual as defined in 15 U.S.C. § 6851(a)(3) and retains proof of same; and

    c. For each adult depicted in an intimate visual depiction, X has obtained that individual's consent to disclose or display that individual's intimate visual depiction that has been disclosed on X since October 1, 2022, and retains proof of same.

4. X shall compile and furnish Plaintiff's Counsel, the Court, and special master, a log of every time it has disclosed, as defined in the NCII Statute, any intimate visual depiction since October 1, 2022, if the depicted person was an adult, and if that disclosure was made with the consent of the depicted individual. The log shall include to whom the disclosure was made, (after October 1, 2022) at what time and date, and all identifying information of whom the disclosure was made that is, or ever was, in possession of X.

5. Before disclosing new intimate visual images, videos or visual depictions as defined in 15 U.S.C. § 6851(a)(5) on X, X must show the Court that:

    a. X has implemented a system to sort, identify and distinguish intimate visual depictions as defined in 15 U.S.C. § 6851(a)(5) versus those that are not; and

    b. For intimate visual depictions as defined in 15 U.S.C. § 6851(a)(5), X has verified the age of every depicted individual as defined in 15 U.S.C. § 6851(a)(3) and retains proof of same; and

    c. For each adult depicted in an intimate visual depiction, X has obtained that individual's consent to disclosure of the intimate visual depiction on X and retains proof of same.

6. The Court appoints a special master, to be paid for by X and xAI, to administer the terms of Court's temporary injunction.

**STATEMENT OF COURT ACTION SOUGHT REGADING xAI**

In order to accomplish the relief sought pursuant to the motion for temporary restraining order, Plaintiff seeks the following Court action/order regarding Defendant xAI:

4

John Doe, Individually & on behalf of all others similarly situated vs. X CORP. and X.AI CORP.
Case No. 3:25-CV-07597
MOTION FOR (1) TEMPORARY RESTRAINING ORDER WITHOUT NOTICE, (2) PRELIMINARY INJUNCTION & ORDER TO SHOW CAUSE SETTING HEARING, AND (3) ORDER PERMITTING PLAINTIFF TO PROCEED UNDER PSEUDONYM

1. xAI shall halt the functioning of xAI's systems, servers, AI models, and/or any other element of its business within 12 (twelve) hours of receiving this Court's order (or whatever amount of time the Court deems appropriate), in all forms including services, including but not exclusively, to individuals, third parties, APIs, third party services, framework(s), SDKs, or plug ins.  However, if xAI is immediately capable of decerning between intimate visual depictions and non-intimate visual depictions in its system, servers, AI models, and/or any other element of its business with the highest possible accuracy rate reasonably obtainable in the industry and is also immediately capable of decerning between which systems or AI models have been trained on and/or exposed to and/or disclosing and/or in possession of intimate visual depictions with the highest possible accuracy rate reasonably obtainable in the industry, then xAI shall only halt the functioning of those elements of its systems, servers, AI models and/or any other element of its business which have been trained on and/or exposed to and/or disclosing and/or in possession of intimate visual depictions.

2. If xAI is not  immediately capable of decerning between intimate visual depictions and non-intimate visual depictions in its system, servers, AI models, and/or any other element of its business with the highest possible accuracy rate reasonably obtainable in the industry and is also not immediately capable of decerning between which systems or AI models have been trained on and/or exposed to and/or disclosing and/or in possession of intimate visual depictions with the highest possible accuracy rate reasonably obtainable in the industry then xAI shall halt the functioning of all of xAI's systems servers, AI models, any other element of its business, in all forms including services, including but not exclusively, to individuals, third parties, APIs, third party services, framework(s), SDKs, or plug ins within 12 (twelve) hours (or whatever amount of time the Court deems appropriate) of receiving the Court's order, and display the notice attached hereto as **Exhibit 7** in place of those services or business elements until:

> a. xAI can satisfactorily show the court that xAI is not disclosing, as defined in the NCII Statute,  and has not disclosed non-consensual intimate visual depictions from X, that it has never disclosed (including transfers) to itself or disclosures (including transfers) among its servers or data infrastructure, disclosed or caused disclosure to itself or others non-consensual visual depictions from X in its training or any way otherwise, that non-consensual intimate visual depictions from X are not present in any of xAI's training data sets, or any other data set in xAI's possession (past or present), and that xAI is not disclosing or making accessible non-consensual depictions to any of its users of any type be they, including but not exclusively,  individuals, third parties, APIs, third party services, SDKs, framework(s), or plug ins or any other person, entity or corporate form.  If any of the above have occurred then xAI shall report to Plaintiffs, the court, and the special master every occurrence of a disclosure (including transfers and/or making accessible) with all data about that

5

John Doe, Individually & on behalf of all others similarly situated vs. X CORP. and X.AI CORP.
Case No. 3:25-CV-07597
MOTION FOR (1) TEMPORARY RESTRAINING ORDER WITHOUT NOTICE, (2) PRELIMINARY INJUNCTION & ORDER TO SHOW CAUSE SETTING HEARING, AND (3) ORDER PERMITTING PLAINTIFF TO PROCEED UNDER PSEUDONYM

disclosure (including transfers and/or making accessible);

   b. xAI can satisfactorily show that xAI has not made accessible to itself or caused a disclosure to itself, or disclosed, non-consensual intimate depictions from any source, and if it has, to report those occurrences, with all associated data and information, to Plaintiff's counsel, the court, and the special master;

   c. xAI can satisfactorily show that xAI does not have any non-consensual intimate depictions from any source in any of its training sets, or any other data set, or in its possession in anyway, and if it does, to report those occurrences with all associated data and information to Plaintiffs' counsel, the court, and the special master;

   d. xAI can satisfactorily show that xAI has not disclosed, caused disclosure, or made accessible to itself and/or transferred, internally or otherwise, any non-consensual intimate depictions from any source and if it has, then xAI report all data and information associated with that disclosure, transfer, or making accessible to Plaintiffs counsel, the court, and the special master;

3. If xAI is immediately capable of decerning between intimate visual depictions and non-intimate visual depictions in its system, servers, AI models, and/or any other element of its business with the highest possible accuracy rate reasonably obtainable in the industry and is also immediately capable of decerning between which systems or AI models have been trained on and/or exposed to and/or disclosing and/or in possession of intimate visual depictions with the highest possible accuracy rate reasonably obtainable in the industry then xAI shall halt the functioning of those of xAI's systems servers, AI models, any other element of its business, in all forms including services, including but not exclusively, to individuals, third parties, APIs, third party services, framework(s), SDKs, or plug ins which have disclosed and/or possessed and/or been trained on intimidate visual depictions within 12 (twelve) hours (or whatever amount of time the Court deems appropriate) of receiving the Court's order, and display the notice attached hereto as **Exhibit 8** in place of those services or business elements until:

   a. xAI can satisfactorily show the court that xAI is not disclosing, as defined in the NCII Statute, and has not disclosed non-consensual intimate visual depictions from X, that it has never disclosed (including transfers) to itself or disclosures (including transfers) among its servers or data infrastructure, disclosed or caused disclosure to itself or others non-consensual visual depictions from X in its training or any way otherwise, that non-consensual intimate visual depictions from X are not present in any of xAI's training data sets, or any other data set in xAI's possession (past or present), and that xAI is not disclosing or making accessible non-consensual depictions to any of its users of any type be they, including but not exclusively, individuals, third parties, APIs, third party services,

6

John Doe, Individually & on behalf of all others similarly situated vs. X CORP. and X.AI CORP.
Case No. 3:25-CV-07597
MOTION FOR (1) TEMPORARY RESTRAINING ORDER WITHOUT NOTICE, (2) PRELIMINARY INJUNCTION & ORDER TO SHOW CAUSE SETTING HEARING, AND (3) ORDER PERMITTING PLAINTIFF TO PROCEED UNDER PSEUDONYM

SDKs, framework(s), or plug ins or any other person, entity or corporate form. If any of the above have occurred then xAI shall report to Plaintiffs, the court, and the special master every occurrence of a disclosure (including transfers and/or making accessible) with all data about that disclosure (including transfers and/or making accessible);

b. xAI can satisfactorily show that xAI has not made accessible to itself or caused a disclosure to itself, or disclosed, non-consensual intimate depictions from any source, and if it has, to report those occurrences, with all associated data and information, to Plaintiff's counsel, the court, and the special master;

c. xAI can satisfactorily show that xAI does not have any non-consensual intimate depictions from any source in any of its training sets, or any other data set, or in its possession in anyway, and if it does, to report those occurrences with all associated data and information to Plaintiffs' counsel, the court, and the special master;

d. xAI can satisfactorily show that xAI has not disclosed, caused disclosure, or made accessible to itself and/or transferred, internally or otherwise, any non-consensual intimate depictions from any source and if it has, then xAI report all data and information associated with that disclosure, transfer, or making accessible to Plaintiff's counsel, the court, and the special master;

4. Nothing about the injunction against xAI shall restrict any service that xAI is providing to any part of the United States of America's Government or to any part of the government of any state of the United States of America. However, xAI must comply with the reporting requirements described above that could pertain to disclosures to any part of the United States of America's Government or to any part of the government of any state of the United States of America.

5. The Court appoints a special master, to be paid for by X and xAI, to administer the terms of Court's temporary injunction.

### RULE 65(b)(1)(B), *Fed.R.Civ.P.,* CERTIFICATION

Pursuant to Rule 65(b)(1)(B), *Fed.R.Civ.P.,* and Civil L.R. 65-1, the undersigned attorneys certify that the following serves as a description of efforts that have been made to give notice and/or the reasons why notice should not be required:

Plaintiff has complied with the requirements of Rule 65(b)(1) and Civil L.R. 65-1 in seeking this Temporary Restraining Order, without notice.

Substantively, the Motion sets out the irreparable harm that continues with each passing

7

John Doe, Individually & on behalf of all others similarly situated vs. X CORP. and X.AI CORP.
Case No. 3:25-CV-07597
MOTION FOR (1) TEMPORARY RESTRAINING ORDER WITHOUT NOTICE, (2) PRELIMINARY INJUNCTION & ORDER TO SHOW CAUSE SETTING HEARING, AND (3) ORDER PERMITTING PLAINTIFF TO PROCEED UNDER PSEUDONYM

day that Plaintiff's and the Class members' NCII is disclosed by X to its users without consent. Moreover, even X itself recognizes that the disclosure of non-consensual intimate images poses "serious safety and security risks," and "can lead to significant physical, emotional and financial hardship for those affected." Requiring notice would only serve to slow-down the process of X "ceasing display or disclosure" of NCII.

X is aware, or should be aware, that the NCII Statute, which has been in effect now nearly 3 years (and came into effect at essentially the same time that Elon Musk purchased Twitter in October 2022), permits courts to order defendants to cease display or disclosure of NCII via injunctions. Critically, the NCII Statute does not require notice to a defendant before suit or before the issuance of an injunction or other equitable relief.

X is aware that it has a significant, and on-going, NCII problem on its platform, all during the time in which the NCII Statute has been in effect. As cited in the TRO Motion and/or separate memorandum of points and authorities in support, Musk-owned Twitter was aware of its NCII problem at or near the time that Musk took over Twitter. And, in 2024, X suspended over 100,000 accounts for and removed 300,000 images of non-consensual nudity and suspended nearly 4.6M accounts for and removed over 17,000 child sexual exploitation images.

X is also a current defendant in litigation that accuses it of disclosing NCII (in the form of child sexual exploitation materials, or CSAM). (https://www.pcmag.com/news/court-musks-x-must-prove-it-wasnt-negligent-over-child-abuse-material, last visited September 9, 2025). Notably, this litigation has persisted in the era of the NCII Statute. Publicity about Pornhub's NCII and CSAM problem date back to 2020, and the Deferred Prosecution Agreement between Pornhub and the U.S. Government was publicized.

John Doe has reported three accounts to X for disclosing his NCII.

X's awareness serves as constructive notice that an NCII Statute injunction motion like this, on behalf of numerous individuals, could be in its future. Any additional notice, particularly on a class-wide basis, is unnecessary.

8

John Doe, Individually & on behalf of all others similarly situated vs. X CORP. and X.AI CORP.
Case No. 3:25-CV-07597
MOTION FOR (1) TEMPORARY RESTRAINING ORDER WITHOUT NOTICE, (2) PRELIMINARY INJUNCTION & ORDER TO SHOW CAUSE SETTING HEARING, AND (3) ORDER PERMITTING PLAINTIFF TO PROCEED UNDER PSEUDONYM

**WHEREFORE**, Plaintiff submits that the Verified Complaint and Memorandum in Support make a clear showing why a Temporary Restraining Order, without notice, is warranted. Plaintiff respectfully requests this Court grant the requested relief and enter the attached proposed temporary restraining order with respect to Defendants (**Exhibit 2**), the attached proposed order to show cause setting a hearing regarding a preliminary injunction (**Exhibit 3**), and the attached proposed order permitting Plaintiff to proceed under a pseudonym in this action (**Exhibit 4**).

DATED: September 9, 2025

ALTAIR LAW LLP & SEARCY DENNY SCAROLA BARNHART & SHIPLEY P.A.

By: **/s/ CRAIG M. PETERS**
CRAIG M. PETERS
Attorneys for Plaintiff John Doe

By: **/s/ T. HARDEE BASS, III**
T. HARDEE BASS
Attorneys for Plaintiff John Doe

9

John Doe, Individually & on behalf of all others similarly situated vs. X CORP. and X.AI CORP.
Case No. 3:25-CV-07597
MOTION FOR (1) TEMPORARY RESTRAINING ORDER WITHOUT NOTICE, (2) PRELIMINARY INJUNCTION & ORDER TO SHOW CAUSE SETTING HEARING, AND (3) ORDER PERMITTING PLAINTIFF TO PROCEED UNDER PSEUDONYM

**RULE 65(b)(1)(A), *Fed.R.Civ.P.*, & CIVIL L.R. 7-2(4)(d) VERIFICATION**

I declare under penalty of perjury that the specific facts set out in this Motion and the accompanying Memorandum of Points and Authorities are true and correct.

DATED: 9/9/2025         _____/s/ John Doe_____
                              John Doe[3]

---

[3] A version of this verification/declaration page has also been executed by John Doe under his real name, is in possession of counsel, and is available to the Court or to be filed under seal if the Court requires.

10

John Doe, Individually & on behalf of all others similarly situated vs. X CORP. and X.AI CORP.
Case No. 3:25-CV-07597
MOTION FOR (1) TEMPORARY RESTRAINING ORDER WITHOUT NOTICE, (2) PRELIMINARY INJUNCTION & ORDER TO SHOW CAUSE SETTING HEARING, AND (3) ORDER PERMITTING PLAINTIFF TO PROCEED UNDER PSEUDONYM