United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>X CORP., et al.,<br><br>        Defendants. | Case No.  25-cv-07597-TLT<br><br>**ORDER DEFERRING RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY, AND PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' SURREPLY**<br><br>Re: Dkt. Nos. 7, 24 |

Plaintiff currently seeks from this Court an order granting preliminary injunctive relief. ECF 7. Defendants oppose the motion and argue that venue is proper in the Northern District of Texas. ECF 16; ECF 24. For the reasons stated below, the Court finds it appropriate to DEFER judgement on Plaintiff's motion for preliminary injunction, Defendants' unopposed motion for leave to file sur-reply, and Plaintiff's motion for leave to file a response to Defendants' sur-reply until after ruling on the question of venue.

## I.    BACKGROUND

On September 6, 2025, Plaintiff John Doe ("Plaintiff") filed a complaint and an *ex parte* motion for injunctive relief against Defendants X Corp. and xAI Corp. (collectively, "Defendants") for alleged violations of 15 U.S.C. § 6851 (the "NCII Statute"). ECF 1. On September 9, 2025, Plaintiff filed a motion for injunctive relief on an *ex parte* basis accompanied by a request to proceed under a pseudonym under 15 U.S.C. § 6851(b)(3)(B). ECF 7. The following day, this Court denied Plaintiff's request for a temporary restraining order without prejudice, ordering Plaintiff to provide notice of his complaint and motion to Defendants. ECF

United States District Court
Northern District of California

1    12. Plaintiff served Defendants the following day.  ECF 14.

2        In accordance with this Court's scheduling order, Defendants filed an opposition on

3    September 15, 2025.  ECF 16.  Defendants' opposition papers previewed a challenge to the

4    appropriateness of venue in this district.  ECF 16 at 2 n.2.  Plaintiff filed a reply on September 18,

5    2025.  ECF 19.  Subsequently, on September 24, 2025, Defendants filed a motion to transfer the

6    case to the Norther District of Texas.  ECF 24.

7        The same day, Defendants filed a conditionally unopposed administrative motion to file

8    Sur-reply in Opposition to Plaintiff's motion for preliminary injunction.  ECF 23.  On September

9    26, 2025, Plaintiff responded to Defendants' administrative motion to file sur-reply reiterating that

10    he only stipulates to Defendants' administrative motion if given an opportunity to file his own sur-

11    reply.  ECF 25.  The Court also notes Plaintiff's objection to the Court deferring ruling on the

12    motion for preliminary injunction.  *Id.* at 3.

13    **II.    DISCUSSION**

14        District courts have discretion to respond to a challenge of the suitability of the litigation's

15    forum prior to adjudicating the claims.  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549

16    U.S. 422, 425 (2007).  "[T]he question of whether the current venue is proper can be considered

17    *sua sponte* by a court under 28 U.S.C. § 1406(a)."  *Payne v. City of Atascadero*, No. C03-4892 SI,

18    2003 WL 22939227, at *1 (N.D. Cal. Nov. 18, 2003).  Indeed, the goal of 28 U.S.C. § 1404(a) is

19    to "prevent the waste of time, energy, and money, and to protect litigants, witnesses and the public

20    against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616

21    (1964) (internal citations and quotation marks omitted).  "Moreover, a 'fundamental principle

22    underpinning the § 1404(a) analysis is that litigation should proceed 'in that place where the case

23    finds its center of gravity.'"  *McCormack v. Safeway Stores, Inc.*, No. C 12-4377 MEJ, 2012 WL

24    5948965, at *4 (N.D. Cal. Nov. 28, 2012) (citation omitted).

25        Determining the question of venue prior to the preliminary injunction will ensure that the

26    merits of Plaintiff's claims are litigated before and decided by a court in the district most

27    appropriate to resolve the parties' dispute.  Even when a plaintiff's motion for preliminary relief is

28    filed prior to a defendant's motion to transfer venue, this Court finds it premature to rule on the

United States District Court
Northern District of California

1  former until after resolution of the threshold venue question.  *Sierra Club, Inc. v. U.S. Dep't of*

2  *State*, No. C 09-04086 SI, 2009 WL 2929411, at *1 (N.D. Cal. Sept. 9, 2009).  Plaintiff's motion

3  for preliminary injunction and the parties' administrative motions should be decided where venue

4  is proper.  That question will be answered near, or soon after, November 4, 2025.  ECF 24.

## III.    CONCLUSION

Plaintiff's motion for a preliminary injunction and the parties accompanying administrative motions are **DEFERRED** pending further briefing on the question of venue.  The hearing on Plaintiff's motion for preliminary injunction set for September 30, 2025, is **RE-SET** to November 4, 2025.  The hearing for Defendant's motion to transfer venue set for November 4, 2025, is **MAINTAINED**.  A written order, regarding both motions, will be issued soon thereafter.

IT IS SO ORDERED.

Dated: September 26, 2025

_____
TRINA L. THOMPSON
United States District Judge